IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW M. L. MCCAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.3:15-cv-968-NJR-DGW |
| ) | |
| KIMBERLY BUTLER, KENT BROOKMAN, ) | |
| JUAN BERNARD, MR. JONES, MICHAEL ) | |
| KEYS, SHANE GREGSON, KEVIN HELD, ) | |
| MICHAEL SCHNICKER, RICHARD ) | |
| HARRINGTON, MORGAN TEAS, and LORI ) | |
| OAKLEY, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction filed by Plaintiff on August 31, 2015 (Doc. 3). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

On August 31, 2015, Plaintiff filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983 regarding various disciplinary tickets he received while incarcerated at the Menard Correctional Center. He alleges that the tickets were part of retaliatory conduct that resulted in a significant term of segregation and interference with use of the law library. Plaintiff's claim is contained in one count of retaliation against Defendants, who are all employed at Menard, in their individual

capacity (Doc. 10).

In addition to filing his Complaint, Plaintiff sought preliminary injunctive relief (Doc. 3). He states that because of the false disciplinary tickets which resulted in extended segregation he is "unable to live more than a meager life of a human dog, kept tucked away in a kennel" (Doc. 3, p. 9). He also is denied services at the law library: he has been denied assistance, copies, and timely action from library staff (which caused him to produce a subpar response to a motion for summary judgment in an unrelated case). Plaintiff seeks release from segregation, and an Order that would prevent his transfer back to Menard (he states that he is likely to be transferred from Menard in the near future because of his security classification).

Since filing the Motion for Preliminary Injunction, Plaintiff, as predicted, was transferred from Menard to the Pontiac Correctional Center on September 21, 2015 (Doc. 6). In his Notice of Change of Address, Plaintiff mentions his motion for preliminary injunction and indicates that, in the past, he was transferred back to Menard within 5 months. On October 16, 2015, Plaintiff was directed to show cause why his motion for preliminary injunction should be granted in light of his transfer from Menard (Doc. 14). In response (Doc. 15), Plaintiff states that he is still in segregation and he has an "outdate" of January 13, 2016. Plaintiff claims that Defendants are responsible for his continued segregation and that he will be transferred back to Menard shortly because Pontiac CC only has segregation or protective custody cells. An evidentiary hearing is not required.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

  1. a reasonable likelihood of success on the merits;
  2. no adequate remedy at law; and
  3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

  Plaintiff has not shown a reasonable likelihood of success on the merits. He merely has made various allegations and has not supported his request for injunctive relief with anything more than speculation. Plaintiff also has not established that he does not have an adequate remedy at law. Indeed, Plaintiff seeks money damages against each of the Defendants (in addition to

injunctive relief). There also does not appear to be irreparable harm: Plaintiff's filings are certainly long-winded; however, he provides no specific detail as to the harm he is suffering. While the Court is mindful that being housed in segregation is different from being housed in general population, there is no showing that such housing arrangements (if they be found unconstitutional) cannot be remedied through damages. Plaintiff goes through great detail about the disciplinary hearings that landed him in segregation and how he is being denied access to legal material and a law library; however, he does not show how he has been harmed as a result of these actions other than vague statements that he is "suffering" in segregation. Plaintiff makes no showing that he has actually been denied any programs or benefits (for which he has applied) while being in segregation; there is no showing that the conditions are impacting his health or safety; and, there is no there is no showing of any missed Court deadlines.[1] To the extent that Plaintiff is alleging retaliation, there is no concrete showing that he will be subjected to additional retaliation upon his return to Menard. And, there is no showing that, even if a preliminary injunction was issued at this time, that it would be binding on prison officials who make transfer decisions or prison officials at Pontiac. Plaintiff is not entitled to the extraordinary relief of a preliminary injunction.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Motion for Preliminary Injunction filed by Plaintiff on August 31, 2015 (Doc. 3) be **DENIED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen

---

[1] Plaintiff sought injunctive relief related to his access to a law library in his other case pending in this district, 3:13-cv-300-JPG-PMF, *McCain v. Harrington, et al.* That claim was denied by Senior District Judge Gilbert on June 9, 2015.

(14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 8, 2015**

*(signature)*

**DONALD G. WILKERSON**
**United States Magistrate Judge**