IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW M. L. MCCAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-968-NJR-DGW |
| | ) |
| KIMBERLY BUTLER, KENT BROOKMAN, JUAN BERNARD, MR. JONES, MICHAEL KEYS, SHANE GREGSON, KEVIN HELD, MICHAEL SCHNICKER, RICHARD HARRINGTON, MORGAN TEAS, and LORI OAKLEY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 30), which recommends denial of the Motion for Preliminary Injunction (Doc. 3) filed by Plaintiff on August 31, 2015.

Plaintiff Matthew McCain, an inmate in the Illinois Department of Corrections currently housed at Pontiac Correctional Center ("Pontiac"), filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff asserts that Defendants, who are all employed at Menard Correctional Center ("Menard"), retaliated against him for filing a lawsuit, which is currently pending in this district, *McCain v. Herring*, Case No. 13-cv-0300-JPG. Plaintiff alleges that Defendants retaliated against him by issuing various disciplinary tickets that resulted in a significant term of segregation and interference with use of the

law library while at Menard.

Plaintiff also seeks preliminary injunctive relief in the form of an order releasing him from segregation and an order issuing him a permanent transfer out of Menard. Since filing the Motion for Preliminary Injunction, Plaintiff was transferred from Menard to Pontiac. Plaintiff anticipates that he will be transferred back to Menard, as set forth in his Notice of Change of Address (Doc. 6). On October 16, 2015, Magistrate Judge Wilkerson directed Plaintiff to show cause why his Motion for Preliminary Injunction should be granted in light of his transfer from Menard (Doc. 14). On October 21, 2015, Plaintiff filed a response, indicating that he is still in segregation (for which he alleges Defendants are responsible), and he has an "outdate" of January 13, 2016 (and he indicates that he has a 50/50 chance of being transferred back to Menard) (Doc. 15).

On December 8, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 30). Objections to the Report and Recommendation were due on or before December 28, 2015. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear

error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Plaintiff's motion and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 30) in its entirety and **DENIES** Plaintiff's Motion for Preliminary Injunction (Doc. 3).

**IT IS SO ORDERED.**

**DATED:  January 11, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**